UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIR MICHAEL DYESS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SALEEM, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-08608-TLT<br><br>**ORDER VACATING JUDGMENT AND REOPENING CASE, OF SERVICE** |

Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), has filed a *pro se* civil rights action in which he alleges violations of his constitutional rights by SVSP medical personnel. The Court previously dismissed plaintiff's action for failing to file an application to proceed *in forma pauperis* (IFP). Dkt. No. 10. Plaintiff subsequently filed an IFP application, which will be granted by separate order. See Dkt. No. 14. The Court will vacate the prior judgment (Dkt. No. 11), reopen the case, and order service of the complaint on defendant.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1   claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

2   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

3   grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

4   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

5   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

6   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

7   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

8       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

9   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

10  alleged violation was committed by a person acting under the color of state law. *See West v.*

11  *Atkins*, 487 U.S. 42, 48 (1988).

12      **B.**    **Legal Claims**

13      Plaintiff alleges as follows: defendant Dr. Saleem subjected him to involuntary medication

14  in violation of his constitutional rights and made a false claim about plaintiff on a petition for

15  involuntary medication in state court. There was an incident on August 23, 2024, and Saleem

16  unlawfully waited until September 15, 2024, to administer an involuntary shot. Two Doe

17  correctional officers used excessive force while restraining him for the shot to be administered. A

18  Doe nurse shot him with a syringe completely unaware of his allergies to medication or the side

19  effects. Plaintiff resisted the shot, and the Doe officers delivered force to the point where plaintiff

20  blacked out and does not remember anything other than the officers attempting to harm him.

21  Plaintiff has a pending Rules Violation Report that is not resolved.

22      Plaintiff seeks damages and injunctive relief in the form of an injunction against

23  involuntary medication and release from prison.

24      Liberally construed, plaintiff states a cognizable due process claim against defendant

25  Saleem for involuntarily medicating him. *Washington v. Harper*, 494 U.S. 210, 221-22 (1990)

26  (inmate has significant liberty interest in avoiding unwanted administration of medication under

27  the Due Process Clause).

28      Liberally construed, plaintiff has stated an excessive force claim against the two

correctional officers who assisted with the involuntary medication on September 15, 2024. Plaintiff has not stated a constitutional claim against the Doe nurse because he alleges at most negligence. The Doe nurse will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall vacate the prior judgment and reopen the case.

2. The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. Dr. Saleem

    b. The two correctional officers who assisted with the involuntary medication on September 15, 2024

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

Service Waiver.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

4. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v.*

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1  *Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available
2  administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"),
3  should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to
4  exhaust is not clear on the face of the complaint, defendants must produce evidence proving
5  failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence
6  viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to
7  summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment
8  should be denied and the district judge, rather than a jury, should determine the facts in a
9  preliminary proceeding.  *Id.* at 1168.

10  If defendants are of the opinion that this case cannot be resolved by summary judgment,
11  they shall so inform the Court prior to the date the summary judgment motion is due. All papers
12  filed with the Court shall be promptly served on plaintiff.

13  b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
14  and served on defendants no later than **twenty-eight (28) days** after the date on which
15  defendants' motion is filed.

16  c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of
17  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
18  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
19  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
20  any fact that would affect the result of your case, the party who asked for summary judgment is
21  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
22  makes a motion for summary judgment that is supported properly by declarations (or other sworn
23  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
24  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
25  as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
26  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
27  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
28  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154

F.3d at 962-63.

Plaintiff also is advised that—in the rare event that defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

      d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

      e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

6.    All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

United States District Court
Northern District of California

1 informed of any change of address and must comply with the Court's orders in a timely fashion.
2 Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes
3 while an action is pending must promptly file a notice of change of address specifying the new
4 address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail
5 directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2)
6 the Court fails to receive within sixty days of this return a written communication from the *pro se*
7 party indicating a current address. *See* L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: July 9, 2025

TRINA L. THOMPSON
United States District Judge